**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**


**TELLY GUILLORY (#320441)**                                    **CIVIL ACTION**

**VERSUS**

**DEPARTMENT OF CORRECTIONS, ET AL.**                          **NO. 11-0579-JJB-DLD**


### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 4, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**

| | |
|---|---|
| **TELLY GUILLORY (#320441)** | **CIVIL ACTION** |
| **VERSUS** | |
| **DEPARTMENT OF CORRECTIONS, ET AL.** | **NO. 11-0579-JJB-DLD** |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on the Order directing the plaintiff to pay, within twenty-one (21) days, the full amount of the Court's filing fee.  Rec.doc.no. 5.

On August 30, 2011, pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g), this Court ordered the plaintiff to pay, within 21 days, the full amount of the Court's filing fee. Rec.doc.no. 5.  The plaintiff was placed on notice that a failure to comply with the Court's Order within the time allowed "may result in the dismissal of the plaintiff's action without further notice from the Court."  Id.

In accordance with 28 U.S.C. § 1915, all prisoners granted in forma pauperis status are required to pay the full amount of the Court's filing fee.  This statute further provides that, with one exception not here applicable, an inmate may make the required payment over time in incremental installments.  However, such incremental payments are not allowed, and pauper status shall be denied, where the inmate has filed, on at least three prior occasions, actions or appeals which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. Specifically:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In the instant case, the plaintiff has, on three or more prior occasions while incarcerated, brought actions or appeals which have been dismissed as frivolous or for failure to state a claim.[1] Accordingly, pursuant to Adepegba v. Hammons, 103 F.3d 383 (5th Cir. 1996), this Court entered an Order directing the plaintiff to pay the full amount of the Court's filing fee.[2]  A review of the record now reflects that the plaintiff has failed to comply with the Court's Order in this regard.  Accordingly, this action is subject to dismissal for failure of the plaintiff to pay the Court's filing fee as ordered.[3]

<u>RECOMMENDATION</u>

It is recommended that this action be dismissed, without prejudice, for failure of the plaintiff to pay the Court's filing fee.

Signed in Baton Rouge, Louisiana, on October 4, 2011.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[1]       Cases or appeals filed by the plaintiff which have been dismissed by federal courts as frivolous include, but are not limited to Telly Guillory v. Burl Cain, et al., Civil Action No. 98-0892-FJP-SCR (M.D. La.), Telly Guillory v. Brent C. Coreil, Civil Action No. 00-1096-TLM-MEM (W.D. La.) (counting as two strikes because dismissed as frivolous in both the district court and appellate courts), Telly Guillory v. Allen Ivory, et al., Civil Action No. 00-1781-RTH-MEM (W.D. La.) (counting as two strikes), Telly Guillory v. Wilson R. Ramshur, Civil Action No. 00-0811-JJB-DLD (M.D. La.), and Telly Guillory v. David Ross, et al., Civil Action No. 00-0888-JJB-SCR (M.D. La.).

[2]       The Court has previously concluded that the allegations of the plaintiff's Complaint do not fall within the exception to the statute.

[3]       Although the plaintiff has filed a Notice of Appeal to the United States Court of Appeals for the Fifth Circuit from this Court's denial of in forma pauperis status, this appeal, which has been taken from a non-final interlocutory ruling of this Court, does not divest this Court of jurisdiction.  As stated by the Fifth Circuit in United States v. Hitchmon, 602 F.2d 689 (5th Cir. 1979) (en banc), superceded by statute on other grounds, the filing of a notice of appeal from a non-appealable order does not divest the district court of jurisdiction.  The reasoning behind this rule is that the district court is empowered to prevent intentional dilatory tactics, the non-appealing party has the right to continued trial court jurisdiction, and the rule is necessary for the smooth and efficient functioning of justice.  Id.